KEELING v. POINDEXTER et al.
(No. 7620.)

(Court of Civil Appeals of Texas. Dallas. Oct. 14, 1916.)

APPEAL AND ERROR ☞1054(1) — HARMLESS ERROR—ADMISSION OF EVIDENCE—TRIAL BY COURT.

Upon trial before the court without a jury, the admission of incompetent or irrelevant evidence was not ground for reversal, where there was other evidence amply sufficient to authorize the judgment rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4185; Dec. Dig. ☞ 1054(1).]

Appeal from Freestone County Court; G. W. Fryer, Judge.

Action by W. J. Keeling against T. B. Poindexter and others. From judgment for defendants, plaintiff appeals. Affirmed.

Boyd & Bell, of Teague, W. M. White, of Mexia, and R. L. Williford, of Fairfield, for appellant. Callicutt & Johnson, of Corsicana, for appellees.

TALBOT, J. W. J. Keeling brought this suit against T. B. Poindexter, Oliver Burleson, M. A. Riley, W. J. Bryant, and Henry Bounds, to recover commissions alleged to be due for services rendered in securing the sale of 1,239 acres of land to them by G. B. Everett. The plaintiff, Keeling, alleged in substance that on or about November 21, 1913, G. B. Everett, a citizen of Freestone county, Tex., was the owner of 1,239 acres of land situated in said county, being part of the James Sparks survey, that plaintiff was engaged in the business of selling land, and that on said last-named date, said Everett listed said land with plaintiff for sale at $15 per acre, and agreed to pay plaintiff 5 per cent. commission on the selling price; that on the same day, one of the defendants, Henry Bounds, phoned plaintiff to come to Wortham, stating that he and T. B. Poindexter and Oliver Burleson desired to purchase said land; that in response to said call, plaintiff went to Wortham, met defendants, and they informed him that they desired to purchase the 1,239 acres and also a 320-acre tract adjoining the 1,239 acres, which was also owned by said G. B. Everett; that plaintiff then notified defendants that Everett would not sell the 320-acre tract; that defendants then agreed that if plaintiff could induce Everett to sell them the 1,239 acres at $15 per acre, they would pay one-half of the commission, to wit, 2½ per cent. commission; that the other defendants placed defendant Henry Bounds in charge of the matter to act for them, and that plaintiff then requested said Henry Bounds to take the matter up with Everett, which he did, and Everett refused to make the sale; that plaintiff then took up the matter with Everett, and explained to him that he had an offer of $15 an acre for his land, and that defendants would pay one-half of the commission, and that he (Everett) would have to pay one-half, 2½ per cent. commission, instead of 5 per cent. as originally agreed on, and that Everett then agreed to sell the 1,239 acres to defendants, at $15 per acre, and did then make said sale, the price aggregating $18,585, and that defendants are due plaintiff $464.66½, less $77.45 paid by defendant Henry Bounds, leaving a balance due plaintiff of $387.17; that all of the defendants, and said G. B. Everett, were fully advised, and all distinctly understood that said Everett should pay plaintiff 2½ per cent. commission; and that the defendants should pay him 2½ per cent. commission. The defendants answered by general and special exceptions, and general and specific denial of all the material allegations of plaintiff's petition. They

denied that they knew plaintiff was the agent of Everett, and alleged, in substance, that G. B. Everett, owner of the land, did not list it with plaintiff for sale; that defendant Bounds did not phone plaintiff to come to Wortham, but if he did so, it was without authority of the other defendants, and that they would not be bound thereby; that they did not agree with plaintiff that if he would induce Everett to sell them the 1,239 acres of land, that they would pay plaintiff a 2½ per cent. commission or any other sum, and they did not, in fact, employ plaintiff to assist them in purchasing the 1,239-acre tract. Everett, the owner, had already agreed to sell defendants the 1,239-acre tract at $15 per acre, long prior to any connection plaintiff may have had with reference thereto; that Everett did not sell defendants the 1,239 acres of land on account of any effort or act of plaintiff, and plaintiff was not the efficient and procuring cause of such sale being made, and that plaintiff had nothing whatever to do with effecting or causing said sale; that they do not owe plaintiff any sum whatsoever, for he did nothing to induce Everett to make the sale; that they never employed him to assist them or agreed to pay him any sum therefor, and he rendered no service in causing the sale of the 1,239 acres to be made by Everett to them; that plaintiff attempted to represent both parties, and charging both a commission, if he did so, was an act of fraud. The case was tried by the court without a jury, and judgment rendered in favor of defendants. Plaintiff filed a motion for a new trial, which was overruled, and he appealed.

The first assignment of error is to the effect that the trial court erred in refusing to render judgment in favor of plaintiff against the defendant W. J. Bryant for the amount sued for, because it appeared by the testimony of the plaintiff that defendants had agreed to pay plaintiff a commission of 2½ per cent. on the price agreed to be paid for the 1,239-acre tract of land, and defendant Bryant had admitted his liability therefor and personally agreed to pay the same. By his second assignment of error the appellant states what he claims the evidence shows, and asserts that the judgment of the court below is contrary to the preponderance thereof. In disposing of these assignments, we believe it would serve no useful purpose to detail the voluminous testimony introduced, or undertake to state the substance of it. Upon a careful examination we find it to be conflicting, but amply sufficient to support the trial court's judgment. The appellee Bryant very positively denied upon the witness stand that he had admitted his liability for the amount of the commissions sued for, or promised to pay the same. He admitted an unsuccessful effort to compromise and settle with appellant for a certain amount, rather than have a lawsuit or any unpleasantness over the matter, but denied any unqualified admission of liability or promise to pay the amount claimed by appellant. In this connection he testified:

"I never did at any time contract or agree to pay Mr. Keeling, the plaintiff, a commission of 2½ per cent. of the selling price for the purchase of the 1,239 acres of land at $15 per acre, from G. B. Everett."

The contention that the judgment of the trial court is contrary to the preponderance of the evidence is not sustained by the record. The testimony of each of the five defendants is emphatically to the effect that neither of them at any time or place agreed to pay appellant a commission for services to be rendered in securing a sale of the 1,239 acres of land from G. B. Everett. If, according to the testimony of appellees, the services of the appellant were sought or desired in their efforts to purchase the lands, it was for the purpose of getting him to do what he could to induce Everett to sell to them, in connection with the 1,239-acre tract, which had already been offered for $15 per acre, the 320-acre tract. This suit is upon an alleged express contract to recover for services charged to have been rendered in bringing about the sale of the 1,239-acre tract, and no amount is claimed for anything appellant may have done to secure a sale of the 320-acre tract. Besides, it is uncontroverted that Everett refused to sell the 320 acres, and each of the appellees testified that no amount whatever was agreed to be paid appellant for any such efforts as he put forth to induce a sale of the 320-acre tract. In reference to the purchase of the 1,239-acre tract the appellees testified, in substance, not only that they did not agree to pay appellant the commissions claimed by him, but that they refused to pay him any such commissions. G. B. Everett testified that appellant did not render him any assistance, or have anything to do with selling the land to appellees; that he did not know appellant was associated with appellees in their negotiations and purchase of the land, and that appellant did not induce him to sell to appellees. He further testified that so far as he knew he made the sale of land to appellees himself without any effort on appellant's part. It is very clear a reversal would not be warranted on the ground that the judgment is contrary to or not supported by the evidence.

Appellant presents his fourth, seventh and ninth assignments of error together. These assignments complain of the admission of testimony to the effect that it had come to the knowledge of appellant, before the time he claims to have contracted with appellees and represented them in the purchase of the land, that Everett had offered them the 1,239-acre tract of land at $15 per acre, that Everett had made appellees such an offer, and that appellees had agreed to buy the 320 acres at $15 per acre if they could. We think all this testimony was admissible, but if for any reason any of it was incompetent or ir-

relevant, it furnishes no sufficient reason for a reversal of the case, since the trial was had before the court without the aid of a jury, and there was other evidence amply sufficient to authorize the judgment rendered.

For the same reason the tenth assignment, complaining of the admission of the testimony of the appellee Bryant to the effect that the appellees, before appellant communicated with them in regard to the purchase of the lands, had agreed among themselves to buy one or both of the tracts of land in question in this suit, will be overruled.

We have found no reversible error in the record, and the judgment is affirmed.